Receipt No. 051834

ORIGINAL

FILED
FEB 4 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Victor Briseno and
Paula Briseno

v. No. 08-74 L

THE UNITED STATES

## COMPLAINT

## JURISDICTION

1. This Court has jurisdiction over the Constitutional law claim in this Complaint pursuant to the Tucker Act, 28 U.S. C. 1491(a)(1) (1988), which states that the United States Court of Federal Claims shall have jurisdiction to render upon any claim against the United States founded upon the Constitution.

2. This matter is before the Court on a claim pursuant to the Takings Clause of the Fifth Amendment which states "nor shall private property be taken for public use, without just compensation," thereby prohibiting the taking of private property for public use without just compensation. U.S. Const. Amend V.

## PARTIES

3. At all times relevant, Plaintiff s are residents and owners of property in a rural area located on or near Forest Road 49, Zuni Canyon Road, near Grants, Cibola County, New Mexico.

4. At all times relevant, the Defendant, United States of America, through its agency, the U.S. Agricultural Department (USDA) Forest Services controlled, operated, maintained and administered, manned and conducted operations near the Briseno's property.

## PROCEDURAL BACKGROUND

5. The Plaintiffs filed a Tort Claim with the USDA on or about July 13, 2004.

6. On or about December 20, 2004, Assistant Regional Attorney with the USDA, office of General Counsel sent a letter to Plaintiffs outlining the USDA's position.

7. On June 15, 2005 a letter was sent to Assistant Regional Attorney of the USDA confirming she had not sent out a denial letter regarding the claim.

8. Or October 17, 2006 an appraisal for the damage to the property (attached as Exhibit "A") was sent to Assistant Regional Attorney for the USDA but we failed to receive a response.

## GENERAL FACTS AND ALLEGATIONS

9. On or about June 13, 2003, the hot crews with the USDA, Forest Service were in the Cibola National Forest near Forest Road 49 near La Jara Subdivision.

10. The hot crew began cutting down trees in the forest.

11. The hot crew crossed over onto private property owned by Plaintiffs and began cutting down trees on Plaintiffs' property.

12. The property line was clearly marked by orange Forest Service property boundary markers.

13. The hot crew cut down approximately 139 trees, ranging from 3 feet in height to 37 feet in height on approximately 3 acres.

14. The hot shot crew did not have permission to cut down trees on Plaintiffs' private property.

## CLAIM 1 – TAKING OF PROPERTY

15. Plaintiffs reallege paragraphs numbered 1 through 12, and further state:

16. The United States action of cutting down trees on Plaintiffs' property indisputably constitutes an uninvited trespass onto Plaintiffs' property and the damage to Plaintiffs' land will remain for many years.

17. Plaintiffs cannot plan the future use of their land, cannot develop their land as intended when they obtained the land, nor can Plaintiffs sell the land at full pre-taking value, resulting in real injury and property devaluation, and restricts the sale and merchantability of the Plaintiffs property to potential buyers.

18. The government intrusion onto Plaintiffs' property was a physical invasion of Plaintiffs' property and constitutes a possessory taking of Plaintiffs' property for the public good in violation of the constitutional right to receive just compensation pursuant to the Fifth Amendment of the Constitution of the United States.

19. The government has exercised its powers of eminent domain and now permanently occupies Plaintiffs' property for public use, and denies the Plaintiffs their property right to exclude the government from their property for which Plaintiffs claim just compensation as required by the Fifth Amendment Taking Clause which bars the government from forcing some people alone to bear public burdens which in all fairness and justice should be born by the public as a whole.

20. Plaintiffs claim just compensation for the damages caused by the permanent possessory taking of their property for public use.

CLAIM II – TAKING PER SE

21. Plaintiffs reallege paragraphs numbered 1-20, and further state:

22. Defendant's actions hereinabove alleged have resulted in the government's permanent actual physical occupation of Plaintiffs' properties and

constitutes a Fifth Amendment taking per se for which Plaintiffs' claim just compensation.

**WHEREFORE**, Plaintiffs pray the Court for its Order finding that Defendants' actions constitute a Fifth Amendment taking per se and order Defendants to compensate Plaintiffs for the taking of their property for public use by awarding damages for: 1) the diminution of plaintiffs' property values in an amount equal to the difference between the value of the land before and the value of the land after the possessory taking, or repair costs in an amount that could restore the land to its original condition; and, 2) compensation to Plaintiffs for injury to resale and mortgageability, lost profits, loss of quiet enjoyment, loss of opportunity costs, loss of development benefits, loss of increase in value of the property and all other discomforts and annoyances suffered by the Plaintiffs.

Plaintiffs' claim damages in a value not less than $50,000.00.

Respectfully submitted,

KEELER & KEELER, LLP

By____________________

William R. Keeler
Attorney of Record for Plaintiffs
101 West Aztec Avenue
Gallup, NM 87301
(505) 722-5608

NVEST, inc
APPRAISERS & CONSULTANTS

STEVEN P. NEVILLE, SRA
Certified General Appraiser

1515 E. 20TH ST, SUITE E
P. O. BOX 2458
FARMINGTON, NM 87499-2458
Phone (505) 327-5450
FAX (505) 327-4331

RECEIVED
SEP 11 2006

August 29, 2006

Mr. Bill Keeler
Keeler & Keller Law Office
108 East Aztec Avenue
Gallup, NM 87301

RE: Property Damage Claim, Briseno

As requested, I have reviewed the claim of damage on the Briseno property involving Forest Service personnel cutting approximately 139 trees of various sizes and ages.

I have not estimated any affect on market value of the property. However, it is typical in taking procedures (inverse) to compensate for damages that may not constitute a loss in value to the real property. An example would be the removal of a hedge in the widening of a roadway. The hedge may not significantly contribute to the market value of the home, but the owner is entitled to have the hedge replaced and should be compensated in excess of the loss of land.

I was able to review the photos of the damages but have not been onsite and do not have an inventory of the trees cut. Utilizing nursery costs provided by Marshall and Swift Valuation Service, I have estimated the cost to cure. I made the assumption that 2/3 of the trees were small, or lower quality trees and 1/3 were medium to large (as defined by M&S). Cost included initial soil prep, planting, fertilizer and minimal follow-up care to maximize survivability.

The following are the estimates to replace the trees.

| | |
|---|---|
| 92 small trees @ $75 each = | $ 6,900 |
| 47 medium/large trees @ $330 each = | $15,510 |
| Total cost to replace: | $22,410 |

**EXHIBIT A**

Brisneo, cont. pp2

The attorney for the Forest Service indicates that NM state law provides for compensation for loss of value by the value of the property before the taking vs the value of the property after the taking. This is what is known as the "Federal Rule". Although used in jury instructions in NM case law, the actual statute is more involved. The State of NM has a significant modification to the rule allowing for the compensation of damages and the disallowance of any enhancements to value to the remainder, except for the offset of damages. There is no enhancement to value that is apparent, therefore damages should be calculated in the estimate of just compensation.

Below are the applicable statutes I refer to in typical condemnation appraisals that involve damages to the remainder.

*42A-1-12. Recovery of damages, costs and expenses.*

*A. A condemnor is liable to the condemnee and, if applicable, to the person in actual physical occupancy of the property for physical injury to and for substantial interference with possession or use of property caused by its entry and activities upon the property made pursuant to Section 42A-1-8 NMSA 1978. This liability may be enforced in a civil action against the condemnor or by application to the court in the circumstances provided by Subsection C of this section.*

*B. In an action or other proceeding for recovery of damages under this section, the prevailing claimant shall be allowed his reasonable costs. In addition, the court shall award the claimant his litigation expenses incurred in any proceeding under Section 42A-1-9 or 42A-1-11 NMSA 1978 if it finds liability pursuant to Subsection A of this section and that the condemnor:*

*(1) entered the property unlawfully; or*

*42A-1-26. Measure of damage to remainder in partial condemnation*

*In any condemnation proceeding in which there is a partial taking of property, the measure of compensation and damages resulting from the taking shall be the difference between the fair market value of the entire property immediately before the taking and the fair market value of the property remaining immediately after the taking. In determining such difference, all elements which would enhance or diminish the fair market value before and after the taking shall be considered even though some of the damages sustained by the remaining property, in themselves, might otherwise be deemed noncompensable. Further, in determining such values or differences therein, elements which would enhance or benefit any property not taken shall only be considered for the purpose of offsetting any damages or diminution of value to the property not taken.*

I have not inspected the damages and rely only on the photos and documentation provided to arrive at the above damage estimate, but believe that the following section of the above statute would apply:

*"all elements which would enhance or diminish the fair market value before and after the taking shall be considered even though some of the damages sustained by the remaining property, in themselves, might otherwise be deemed noncompensable"*

If you have further questions, please contact me. I have maintained a file of the information used in calculation of damages.

Respectfully submitted,

Steven P. Neville, SRA