**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **VICTOR BRISENO and PAULA BRISENO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **No. 08-74 L** |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' COMBINED RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS** ....1

I. Introduction....2

II. Statement of Relevant Facts....2

III. Argument and Authorities....2

A. Motion Must be Denied Because Plaintiffs Have Alleged a Valid Takings Claim Which is Being Challenged on the Merits....2

B. Motion Must be Denied Because Plaintiffs Have Asserted a Takings Claim Over Which this Court has Jurisdiction....4

1. The United States Either Intended to Invade Plaintiffs' Property Interest or the Invasion is a Direct, Natural, or Probable Result of an Authorized Activity....4

2. The Taking Secured a Benefit of the United States at the Expense of Plaintiffs and Preempted Plaintiffs' Right to Enjoy their Property for an Extended Period....6

C. Plaintiffs Have Adequately Stated a Takings Claim Upon Which Relief Can Be Granted....7

1. Plaintiffs have Alleged Facts Showing and/or Inferring that the United States has Destroyed Plaintiffs' Right to Possession, Use and Disposal of Their Property....7

D. In the Alternative, If this Court Finds Plaintiffs' Claim to Sound in Tort, Plaintiffs' Case Should be Transferred Rather Than Dismissed....8

IV. Conclusion....8

# TABLE OF AUTHORITIES

CASES

*Aris Gloves, Inc. v. United States*
420 F.2d 1386, 190 Ct.Cl. 367 (1970) ........................................................8

*Eyherabide v. United States*
345 F.2d 565, 170 Ct.Cl. 598 (1965) ........................................................6

*Fadem v. United States*
13 Cl.Ct. 328 (1987) ........................................................6

*Huntleigh USA Corp. v. United States*
63 Fed.C6. 440 (2005) ........................................................7

*Moden v. United States*
404 F.3d 1335 (Fed.Cir. 2005)........................................................3, 5

*N.Y. Life Ins. Co. v. United States*
190 F.3d 1372 (Fed.Cir.1999)........................................................7

*Poorbaugh v. United States*
27 Fed. Cl. 628 (Fed. Cl. 1993) ........................................................3

*Ridge Line, Inc. v. United States*
346 F.3d 1346 (Fed. Cir. 2003)........................................................3, 4

*Sommers Oil Co. v. United States*
241 F.3d 1375 (Fed.Cir.2001)........................................................7

UNITED STATES CODE

28 U.S.C.A. § 1631 (Supp. 1992) ........................................................9

28 U.S.C.A. § 1491(a)(1) (Supp.1992) ........................................................4

RULES

RCFC 12(B)(6)........................................................7

**PLAINTIFFS' COMBINED RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

**COME NOW** Plaintiffs Victor Briseno and Paula Briseno (collectively "Plaintiffs") and file this, their "Plaintiffs' Combined Response and Memorandum of Law in Opposition to The United States of America's Motion to Dismiss" and would respectfully show the Court that the motion to dismiss filed by the United States of America ("United States" or "Defendant") should be denied for the following reasons:

**I.**

## INTRODUCTION

The takings clause of the Fifth Amendment states that private property shall not be taken for public use without just compensation. Here, Plaintiffs allege that their private property was appropriated by the United States in order to create a buffer zone of thinned trees which would protect Cibola National Forest from a catastrophic fire. The beneficial reduction in fire risk to the United States was achieved, in part, through the destruction of 139 trees on Plaintiffs' property and the appropriation of Plaintiff's property for use as a fire buffer. Plaintiffs therefore bring this action alleging that the United States has taken both: (1) property owned by Plaintiffs which lies adjacent to Cibola National Forest, and (2) 139 trees which were growing on Plaintiffs' property. These facts, together with other facts and inferences alleged in this case, present a valid takings claim over which this Court has jurisdiction.

## II.

## STATEMENT OF RELEVANT FACTS

On or about June 13, 2003, a "hotshot" crew from the United States Forest Service was deployed in the Cibola National Forest near Forest Road 49 near the La Jara Subdivision. [Complaint, ¶ 9, p. 2]. The hostshot crew, which consisted of multi-skilled firefighting professionals, was tasked with thinning Ponderosa Pine, Pinon, and Juniper trees in order to reduce fire risk and improve forest health within the National Forest. [United States Motion to Dismiss and Memorandum in Support Thereof, ("Motion to Dismiss") p.1].

Plaintiffs are owners of property adjacent to the Cibola National Forest. [Complaint, ¶ 3, p. 1]. The Forest Service had installed orange carsonite markers clearly designating the boundary between the Cibola National Forest and Plaintiffs' property. [Complaint, ¶ 12, p. 2]. Despite the presence of the markers, on or about June 13, 2003, the hotshot crew crossed over the markers onto Plaintiff's private property and began cutting down trees owned by Plaintiffs. [Complaint, ¶ 11, p. 2]. The hotshow crew cut down approximately 139 trees – ranging in height from three feet to 37 feet – on approximately three acres of Plaintiffs' property. [Complaint, ¶ 13, p. 2]. Plaintiffs' ability to plan, develop and enjoy their property as intended was precluded by the United States' actions. [Complaint, ¶ 17, p. 2].

## III.
## ARGUMENT AND AUTHORITIES

### A. The United States' Motion to Dismiss For Lack of Jurisdiction Must Be Denied Because Plaintiffs Have Alleged a Valid Takings Claim Which is Being Challenged on the Merits.

The bulk of the United States' motion is a plea to the jurisdiction arguing that this case should be dismissed for lack of subject matter jurisdiction. [Motion to Dismiss pp. 5-11]. Yet, the cases highlighted by Defendants did <u>not</u> find subject matter jurisdiction lacking because a takings claim arguably sounded in tort. *E.g. Ridge Line, Inc. v. United States,* 346 F.3d 1346 (Fed. Cir. 2003)(addressing distinction between tort and taking following *trial* on taking claim where subject matter jurisdiction was presumably found); *Poorbaugh v. United States,* 27 Fed. Cl. 628 (Fed. Cl. 1993)(allegation of taking based on appropriation of property and trees was "valid" as a legal theory and supported jurisdiction despite ultimately failing on summary judgment); *Moden v. United States,* 404 F.3d 1335 (Fed.Cir. 2005)(addressing the distinction between torts and takings *on summary judgment* after finding that subject matter jurisdiction existed based on takings allegations);

Even where the takings claim ultimately failed, Defendant's own authorities make clear that, when a defendant disputes the merits of a claim in a motion to dismiss for lack of subject matter jurisdiction, jurisdiction should be assumed and the merits of the claim should be addressed. *Moden v. United States,* 404 F.3d 1335 (Fed.Cir. 2005). Simply stated, unless a claim is so "frivolous," "insubstantial" or "devoid of merit" as not to involve a federal controversy , allegations of a takings claim founded on the Fifth Amendment comes within the Tucker Act's grant of jurisdiction. *Moden,* 404 F.3d at 1341. Plaintiffs' allegations regarding the appropriation and destruction of their property, at the very least, are not nearly so devoid of merit as to leave this court without jurisdiction.

**B. Defendant's Motion to Dismiss For Lack of Jurisdiction Must Be Denied Because Plaintiffs Have Asserted a Takings Claim Over Which This Court Has Jurisdiction.**

The Tucker Act extends the jurisdiction of this Court to any claim against the United States founded either upon the Constitution, or any Act of Congress ... not sounding in tort". 28 U.S.C.A. § 1491(a)(1) (Supp.1992). Defendant does not dispute that a takings claim comes within the Tucker Act's grant of jurisdiction. Instead, Defendant attempts to mischaracterize Plaintiffs' takings claim as a tort action in order to deprive this Court of jurisdiction. Yet, Defendant's argument fails because Plaintiffs' takings claim satisfies the two-part test for distinguishing takings from torts.

The Federal Circuit uses a two-part inquiry for distinguishing physical takings from possible torts. *Ridge Line,* 346 F.3d at 1357. First, a taking results when the government intends to invade a property interest or the invasion is the direct, natural, or probable result of an authorized activity, as opposed to an incidental or consequential injury inflicted by the action. *Id.* Second, the invasion must secure a benefit to the government at the expense of the property owner, or preempt the owner's right to enjoy his property for an extended period. *Id.* Both requirements are satisfied in the present case.

**1. The United States either intended to invade Plaintiffs' property interest or the invasion is the direct, natural, or probable result of an authorized activity.**

Defendant erroneously argues that Plaintiffs' have failed to establish that the taking of their trees was either intentional or the result of authorized activity. The Complaint, and Defendants' own evidence show otherwise. First, Plaintiffs have presented facts and inferences (which must be indulged on a motion to dismiss for lack of

jurisdiction) supporting the position that Defendant's acts were either intentional or the direct result of authorized activity.

This case is distinguishable from the cases cited by Defendant because it involves a taking by *affirmative* physical act. *E.g., Moden v. United States*, 404 F.3d 1335 (Fed.Cir. 2005)(no taking found because evidence was lacking that government intended to cause ground water contamination from operations on Air Force base); *Ridge Line, Inc. v. United States,* 346 F.3d 1346 (Fed. Cir. 2003)(no taking found where storm water runoff caused continual flooding of the plaintiff's property). This is not a case where chemicals unknowingly seeped through the ground or water unintentionally drained through nearby land. This case involves an affirmative act of destroying well over one-hundred trees across a three acre stretch of land.

Moreover, Plaintiffs have alleged facts which support the inference of intentional conduct. Defendant urges that the clear presence of property markers shows that an inadvertent cutting of private trees was not a foreseeable accident. Plaintiff would argue that the presence of the bright orange property markers supports a different inference: that the government appropriation of Plaintiffs' clearly marked land and trees was no accident at all. Perhaps the cutting of an isolated tree or two in a poorly marked area might reflect an unintended straying from the correct property line. But it stretches credulity to presume that the cutting of one hundred and thirty-nine (139) trees over a three (3) acre stretch of land which was clearly marked as private property was merely an accidental stray. At the least, Plaintiffs have stated facts sufficient to find or infer a deliberate invasion of Plaintiffs' property interest that precludes summary dismissal of Plaintiffs' takings claim.

Alternatively, Defendant itself establishes that the tree-thinning project for which Plaintiff's land and trees were appropriated was authorized by the USDA Forest Service. " [Motion to Dismiss, Exhibit 1, p.1 (consisting of "Decision Memo" authorizing the thinning of trees in order to reduce the risk of fire) ]. The appropriation of Plaintiffs' land and/or trees was the direct and probable result of that authorized activity.

**2. The taking secured a benefit to the United States at the expense of Plaintiffs and preempted Plaintiffs' right to enjoy their property for an extended period.**

Plaintiffs contend that the government's actions so substantially impaired their property as to amount to a taking. This court has ruled earlier, that as a legal proposition, plaintiffs' taking theory is valid. *See Eyherabide v. United States*, 345 F.2d 565, 567, 170 Ct.Cl. 598 (1965); *Fadem v. United States*, 13 Cl.Ct. 328, 332-333 (1987). It is undisputed for purposes of Defendants' Motion to Dismiss, that the United States destroyed large numbers of trees on a three acre strip of Plaintiffs' property in order to create a "thinned" buffer against catastrophic fire. The condition Defendant created continues to exist on Plaintiffs' land and Plaintiffs are powerless to prevent the use of their property as a fire break once it was so altered. It will take many years for the thinned trees – some of which were as large as thirty-seven (37) feet high – to return to their pre-taking state. The mere fact that Plaintiffs can still access the land does not alter the fact that the land and trees have been converted from the state Plaintiffs' intended to a condition that benefits the Defendant. Consequently, a taking by the Defendant has been adequately alleged in this case.[1]

---

1 Defendant attempts to make much of isolated words from Plaintiffs' Complaint. For instance, Defendants seizes upon the Plaintiffs' reference to a previous filing with the USDA as a "Tort Claim" as proof that the present action sounds in tort. Not so. Numerous courts have recognized that the same facts can give rise to both a takings claim and a tort claim. Indeed, a recent CFC decision states: "While not all

**C. Plaintiffs Have Adequately Stated a Takings Claim Upon Which Relief Can Be Granted.**

Defendant's final point recasts its arguments against finding subject matter jurisdiction as arguments for failure to state a claim. Yet, the newly –dressed arguments fail for the same reasons.[2]

A motion to dismiss for failure to state a claim may only be granted where it is shown that the plaintiff can prove no set of facts that would support its claim." *N.Y. Life Ins. Co. v. United States*, 190 F.3d 1372, 1377-78 (Fed.Cir.1999). When reviewing a motion to dismiss under Rule 12(b)(6), the court must again, "accept as true all the factual allegations in the complaint, and [the court] must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States,* 241 F.3d 1375, 1378 (Fed.Cir.2001) (citations omitted); *see also Huntleigh USA Corp. v. United States*, 63 Fed.Cl. 440, 443 (2005). When the proper standards are applied, it is clear that Plaintiffs have stated a takings claim upon which relief may be granted.

**1. Plaintiffs have alleged facts showing and/or inferring that the United States has destroyed Plaintiffs' right to possession, use, and disposal of their property.**

Defendant erroneously claims that Plaintiffs have failed to allege that the United States has appropriated their property for the benefit of the public. [Motion to Dismiss p. 10]. Yet, the Complaint either (1) contains the very allegations Defendant claims are

---

torts are takings, *every* taking that involves invasion or destruction of property is by definition tortious." So long as there is some material evidence in the record that establishes the predicates for a traditional takings claim (as there is in this case), the plaintiff succeeds in demonstrating subject matter jurisdiction in this court based on the Tucker Act and the Taking Clause of the Fifth Amendment. Accordingly, the mere reference to a prior administrative proceeding as involving a "tort" does not preclude a subsequent takings claim.

2 Plaintiff incorporates by reference all arguments and authorities asserted herein as grounds for denying Defendant's motion to dismiss for failure to state a claim.

missing or (2) is not required to contain the challenged allegations in order to state a claim. Hence, Defendants' motion to dismiss must be denied.

Defendant seems to argue that since the government has not evicted Plaintiffs from their land or occupied the land itself – it cannot have converted the land to government use. [Motion to Dismiss pp.12-13]. First, it is not necessary for the government to have actually taken physical possession of the property in order for a taking to occur. *Aris Gloves, Inc. v. United States,* 420 F.2d 1386, 1391, 190 Ct.Cl. 367 (1970). A taking can occur even when the government has not taken physical possession of property, if the government, by its actions deprives the owner of his or her interest in the property. *Id.* Again, it is undisputed that the United States destroyed large numbers of trees on Plaintiffs' property and used the property to create a buffer zone against fire. The condition Defendant created continues to exist on Plaintiffs' land and Plaintiffs are powerless to prevent the use of their property as a fire break once it was so converted. The mere fact that Plaintiffs can still access the land does not alter the fact that the land and trees have been converted from the state Plaintiffs' intended to a condition that benefits the Defendant. Consequently, a taking by the Defendant has been adequately alleged in this case.

**D. In the Alternative, If This Court Finds Plaintiffs' Claim to Sound in Tort, Plaintiffs' Case Should Be Transferred Rather Than Dismissed.**

In the event that this Court is persuaded that Plaintiffs' takings claim sounds in tort (which it does not), Plaintiffs respectfully request that this action be transferred to a federal district court possessing jurisdiction. The United States Code provides:

> "Whenever a civil action is filed in a court. . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action. . . to any

> other such court in which the action . . . could have been brought at the time it was filed. . . "

28 U.S.C.A. §1631 (Supp. 1992). Justice would be served in this case by transferring the action to Federal Court in order to avoid hardship, inequity, delay, unnecessary expense and an unjust result.

## V.
## CONCLUSION

For each of these reasons stated herein, Plaintiffs respectfully pray that this Court deny the United States' Motion to Dismiss. Plaintiffs further request any and all other relief to which they may be justly entitled

DATED this 19th day of May, 2008.

By: *s/ William R. Keeler*

William R. Keeler, Esq.
Keeler & Keeler, LLP
104 E. Aztec Ave.
Gallup, NM 87301
Phone (505) 722-5608
Fax (505) 722-5614
billkeeler@keelerandkeeler.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel as follows:

Mark S. Barron
United States Department of Justice, Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663

By: *s/ William R. Keeler*
William R. Keeler, Esq.