**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| VICTOR BRISENO and<br>PAULA BRISENO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 08-74 L<br><br>Judge Lynn J. Bush |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant United States of America respectfully submits this Reply to the Response and Memorandum of Law Plaintiffs Victor and Paula Briseno filed in opposition to the United States' Motion to Dismiss. Plaintiffs' Complaint asserts claims over which this Court does not have jurisdiction. Alternatively, to the extent that the Court may find that it does have jurisdiction over this action, the allegations contained in Plaintiffs' Complaint fail to state a claim for which relief may be granted.

## I. BACKGROUND.

On February 4, 2008, Plaintiffs filed their Complaint with the Court alleging an uncompensated taking of their property in violation of the Fifth Amendment of the United States Constitution. *See* Complaint, filed Feb. 4, 2008 (Doc. 1)("Complaint"). Plaintiffs' Complaint is premised on their allegations that, on or about June 13, 2003, a United States Forest Service "Hotshot Crew" that was conducting hazardous-fuel tree thinning in the Cibola National Forest crossed over onto Plaintiffs' adjacent property, and cut down approximately 139 trees. *See* Plaintiffs' Combined Response and Memorandum of Law in Opposition to the United States of America's Motion to Dismiss at 2, filed May 19, 2008 (Doc. 9)("Pls.' Resp.").

On April 18, 2008, the United States filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. See United States' Motion to Dismiss and Memorandum in Support Thereof, filed Apr. 18, 2008 (Doc. 8)("Def.'s Mot."). As that motion explains, Plaintiffs assert claims over which this Court does not have jurisdiction. Specifically, because Plaintiffs' cause of action sounds in tort, their claims are not cognizable in the Court of Federal Claims. Moreover, to the extent that the Court may find that it does have jurisdiction over this action, the allegations contained in Plaintiffs' Complaint fail to state a claim for which relief may be granted.

On May 19, 2008, Plaintiffs filed their Response in opposition to the United States' Motion to Dismiss. In their Response, Plaintiffs assert that their Complaint states a valid takings claim, and, for the first time, attempt to identify clearly the property interest they allege to have been taken: (i) property the Plaintiffs own that lies adjacent to the Cibola National Forest; and (ii) 139 trees that were growing on Plaintiffs' property. *See* Pls.' Resp. at 1. Plaintiffs also request, in the alternative, that, if the Court should determine that Plaintiffs' cause of action sounds in tort, the Court transfer the case to a federal district court rather than dismiss the action. *See id.* at 8-9.

## II. ARGUMENT.

In their Response, Plaintiffs assert incorrectly that the United States is challenging their claim on the merits. *See id.* at 2. Rather, for purposes of this motion, the United States accepts as true the factual allegations contained in the Plaintiffs' Complaint. *See* Def.'s Mot. at 1 n1. Even assuming all these facts as true, however, Plaintiffs have not stated a takings claim over which this Court has jurisdiction.

**A. THE COURT OF FEDERAL CLAIMS DOES NOT HAVE JURISDICTION OVER CLAIMS THAT SOUND IN TORT.**

The United States does not contest that the Court has jurisdiction over valid takings claims. *See May v. United States*, 80 Fed. Cl. 442, 447 (2008); *Poorbaugh v. United States*, 27 Fed. Cl. 628, 631 (1993). The United States asserts, however, and Plaintiffs concede, that this jurisdiction does not extend to claims that are "'frivolous,' 'insubstantial' or 'devoid of merit' as not to involve a federal controversy." Pls.' Resp. at 3 (citing *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005)). Moreover, Plaintiffs do not and cannot deny that the Court does not have jurisdiction over claims that sound in tort. *See* Tucker Act, 28 U.S.C. § 1491(a)(1).

As the party invoking the Court's jurisdiction, Plaintiffs have the burden to prove the allegations contained in their Complaint are not merely tortious and rise to the level of a taking. *See Ridge Line, Inc. v. United States*, 346 F.3d 1346, 1355 (Fed. Cir. 2003)(noting that plaintiff "must establish that treatment under takings law, as opposed to tort law, is appropriate under the circumstances"). In determining whether Plaintiffs have satisfied their burden, "the essential inquiry is whether the injury to [Plaintiffs'] property is in the nature of a tortious invasion of [their] rights or 'rises to the magnitude' of an appropriation of some interest in [their] property for the use of the government." *Drury v. United States*, 52 Fed. Cl. 402, 403-04 (2002). Moreover, Plaintiffs cannot invoke the Court's takings jurisdiction merely by labeling a tort claim a claim for inverse condemnation. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)(noting that claim will not support jurisdiction when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous")(quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *Moden*, 404 F.3d at 1342 (considering merits of takings claim after finding that plaintiffs'

takings claim was not frivolous and "that the [plaintiffs'] claim of inverse condemnation is not made solely for the purpose of obtaining jurisdiction").

Plaintiffs argue that because their claim is not devoid of merit it falls within the Court's jurisdiction under the Tucker Act. *See* Pls.' Resp. at 3. Plaintiffs' argument, however, fails to address the question before the Court in the United States' motion. The United States is not asking the Court to determine whether Plaintiffs' cause of action is frivolous or non-frivolous; rather, the United States asks the Court to determine whether Plaintiffs' claims sound in tort. If the Court concludes that the claims sound in tort, the Court must dismiss the Plaintiffs' action as beyond the Court's jurisdiction. *See Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)("[T]ort cases are outside the jurisdiction of the Court of Federal Claims."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007)(per curiam)(noting the Court of Federal Claims was correct to hold that it did not have jurisdiction over tort claims); *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006)(explaining that, to the extent a plaintiff's claim "sounds in tort," the United States has not waived its sovereign immunity in the Court of Federal Claims).

Plaintiffs cite *Moden*, *Ridge Line*, and *Poorbaugh* for the proposition that the cases upon which the United States relies in its motion "did not find subject matter jurisdiction lacking because a takings claim arguably sounded in tort." Pls.' Resp. at 3. Plaintiffs' assertion mis-characterizes the results of these three cases and conflates the question whether Plaintiffs' claim has merit with whether it sounds in tort. None of these cases stand for the proposition that the Court has jurisdiction over tort claims. In *Moden*, the United States Court of Appeals for the Federal Circuit emphasized that it had jurisdiction only "to the extent the [plaintiffs] have a

nonfrivolous takings claim founded upon the *Fifth Amendment*." 404 F.3d at 1342. In *Ridge Line*, the Federal Circuit did not make any jurisdictional rulings, but simply noted that the trial court had "failed to address . . . whether the [plaintiff's allegations] constituted a taking . . . by inverse condemnation." 346 F.3d at 1355. The Federal Circuit in *Ridge Line* remanded the case with instructions to apply the two-part tort-taking inquiry before attempting to apply takings law to the facts of the case. *See id.* at 1358. Finally, in *Poorbaugh*, the Court of Federal Claims stated expressly that "[t]he existence of jurisdiction to hear plaintiffs' 'takings' claim turns on whether the complaint sets forth a claim for a taking by inverse condemnation or sounds in tort." 27 Fed. Cl. at 631.

**B. PLAINTIFFS' ACTION SOUNDS IN TORT.**

In applying the Federal Circuit's two-pronged tort-taking inquiry, Plaintiffs attempt to distinguish this case from *Ridge Line* and *Moden*, "because [this case] involves a taking by *affirmative* physical act." Pls.' Resp. at 5. Plaintiffs do not cite any authority for this "affirmative physical act" exception they promulgate, and this Court's caselaw provides no support for the application of such an exception. *See Drury*, 52 Fed. Cl. at 404 (listing trespass and destruction of improvements as allegations insufficient to support a takings claim); *Poorbaugh*, 27 Fed. Cl. at 633 (characterizing the "[d]estruction of trees . . . as a tortious invasion or conversion and not compensable in this court").

Plaintiffs also assert that, although their Complaint does not allege the United States intentionally cut down their trees,"it stretches credulity to presume that the cutting of [139] trees over a [3] acre stretch of land which was clearly marked as private property was merely an accidental stray." Pls.' Resp. at 5. Plaintiffs similarly suggest that, because the tree-thinning

project on the National Forest was authorized, "[t]he appropriation of Plaintiffs' land and/or trees was the direct and probably result of that authorized activity." *Id.* at 6. Plaintiffs' contentions are flawed and do not account for Plaintiffs' burden to establish the jurisdictional basis for their action.

First, the assertions that Plaintiffs make in their Response are not contained in their Complaint. Plaintiffs' Complaint contains no allegations suggesting the Hotshot crew intentionally invaded Plaintiffs' property. Nor does it make any reference to the foreseeability of such an invasion. Although Plaintiffs are correct that the Court should construe reasonable inferences in their favor, because this is a motion to dismiss for lack of jurisdiction, Plaintiffs, not the United States, bear the burden to prove jurisdiction by a preponderance of the evidence. *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Mere inference, without any explanation as to how Plaintiffs' alleged injury was the "direct, natural, or probable result" of the Forest Service's fuel-thinning activities within the Cibola National Forest, rather than "merely an incidental or consequential injury, perhaps compensable as a tort, caused, for example, by improvident conduct on the part of the government in managing its property," *Ridge Line, Inc.*, 346 F.3d at 1356, is insufficient to satisfy that burden.

Second, "Plaintiffs contend that the government's actions so substantially impaired their property as to amount to a taking." Pls.' Resp. at 6. Again, even if this contention could be interpreted as anything more than a formulaic legal conclusion, it does not appear in Plaintiffs' Complaint. In their Response, Plaintiffs assert that the "condition Defendant created continues to exist on Plaintiffs' land," and argue that "[i]t will take many years for the thinned trees . . . to return to their pre-taking state." *Id.* These allegations, however, neither constitute substantial

impairment nor convert the Hotshot's conduct from a tort into a taking. Any number of intentional or negligent torts is capable of creating a condition that persists for an extended period of time, if not permanently.

Plaintiffs state that the United States is currently using Plaintiffs' property as a "buffer against catastrophic fire." *Id.* Assuming, *arguendo*, that the United States was making use of Plaintiffs' property -- a contention Plaintiffs do not include in their Complaint -- Plaintiffs have not described how the United States' alleged "use" substantially impairs their property interest. Plaintiffs have not provided any information about the impact of the Hotshot's tree-cutting on the value of the their land or of the trees, nor identified a single use, in either their pleadings or their motion papers, for which their property is no longer suitable. To the contrary, Plaintiffs only factual allegation is their concession that they can still access their land. *See id.* at 6, 8. In sum, plaintiffs have not demonstrated that the United States' "interference with [their] property rights . . . was substantial and frequent enough to rise to the level of a taking." *Ridge Line, Inc.*, 346 F.3d at 1357.

**C. PLAINTIFFS HAVE NOT STATED A VALID TAKINGS CLAIM.**

Plaintiffs cite *Aris Gloves, Inc. v. United States*, 420 F.2d 1386 (Ct. Cl. 1970), for the proposition that "[a] taking can occur even when the government has not taken physical possession of property, if the government, by its actions deprives the owner of his or her interest in the property." Pls.' Resp. Br. at 8. As discussed above, despite Plaintiffs' citation to this language in *Aris Gloves, Inc.*, Plaintiff does not raise any allegations -- in either their Complaint or Response brief -- regarding the manner in which the United States' actions deprived Plaintiffs of their interest in the property. Because Plaintiffs have not alleged that the United States

appropriated a property interest in either their land or their trees, nor alleged in what manner their own property interest was diminished, the Court should dismiss Plaintiffs' Complaint for failing to state a claim upon which relief may be granted.

**D. THE UNITED STATES TAKES NO POSITION ON WHETHER THE COURT SHOULD TRANSFER THE ACTION TO DISTRICT COURT.**

Plaintiffs requests that, if the Court finds that it lacks jurisdiction over Plaintiffs' cause of action, the Court transfer the matter to a federal district court possessing jurisdiction. *See* Pls.' Resp. Br. at 8. Plaintiffs assert that transferring this action, as opposed to dismissing the Complaint, is in the interest of justice and would serve to "avoid hardship, inequity, delay, unnecessary expense and an unjust result." *Id.* at 9.

The Court of Federal Claims "may transfer a claim over which it lacks jurisdiction to another federal court in which the claim could have been originally filed, if transferral serves the 'interest of justice.'" *Tarrant v. United States*, 71 Fed. Cl. 554, 557 (2006)(quoting 28 U.S.C. § 1631). Such a transfer is appropriate if: (i) the Court of Federal Claims lacks jurisdiction over the plaintiff's claim; (ii) at the time the case was filed, it could have been brought in the court to which the Court of Federal Claims transfers the action; and (iii) the transfer is in the interest of justice. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005); *Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988). While the United States takes no position at this time on whether a federal district court might have jurisdiction over this matter, or whether transferring Plaintiffs' claim would be in the interest of justice, should the Court conclude that transferring this case to federal district court is appropriate, the United States

does not object to that request.[1/]

## V. **CONCLUSION**.

Plaintiffs assert claims over which this Court does not have jurisdiction. To the extent that the Court may find that it does have jurisdiction over this action, the allegations contained in Plaintiffs' Complaint fail to state a claim for which the Court of Federal Claims may grant relief. Because Plaintiffs raise claims that are not cognizable in this Court, the Court should grant the United States' motion and dismiss the Plaintiffs' Complaint.

Respectfully submitted this 4th day of June, 2008,

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By: *s/ Mark S. Barron*
MARK S. BARRON, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044
Tel. (202) 305-0490/ Fax (202) 305-0506
mark.barron@usdoj.gov

*Attorneys for the United States*

[1/]Although the United States declines to state an objection should the Court determine that transferring this case is appropriate under 28 U.S.C. § 1631, the United States does not concede that Plaintiffs state a valid tort claim or any other claim cognizable in the federal district court.