# In the United States Court of Federal Claims

No. 08-74 L

(Filed March 31, 2009)

**UNPUBLISHED**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | |
| VICTOR BRISENO and PAULA BRISENO, | |
| *Plaintiffs*, | Tort Claims; 28 U.S.C. §§ 1346(b), 1491(a)(1), 1631, 2401(b), 2675(a) (2006); Transfer to a United States District Court. |
| v. | |
| THE UNITED STATES, | |
| *Defendant*. | |
| * * * * * * * * * * * * * * * * * | |

*William R. Keeler*, Gallup, NM, for plaintiffs.

*Mark S. Barron*, United States Department of Justice Environment and Natural Resources Division, with whom was *Ronald J. Tenpas*, Assistant Attorney General, Washington, DC, for defendant. *Mary Ann Joca*, Assistant Regional Attorney, United States Department of Agriculture Office of the General Counsel, Albuquerque, NM, of counsel.

_____

**OPINION AND ORDER**
_____

**BUSH**, *Judge*.

The court has before it plaintiffs' Motion to Transfer this case to the United States District Court for the District of New Mexico. The motion has been fully briefed, and oral argument was neither requested by the parties nor deemed necessary by the court. For the reasons stated below, plaintiffs' motion is granted.

## BACKGROUND

Much of the factual background of this case is irrelevant to plaintiffs' motion, and is available in an opinion this court issued on September 18, 2008. *See Briseno v. United States*, 83 Fed. Cl. 630 (2008). Plaintiffs filed a complaint in this court for what they styled a takings claim, concerning a timber trespass by the Forest Service, United States Department of Agriculture (Forest Service) affecting their property in New Mexico. Pls.' Mot. at 1. Defendant raised challenges to plaintiffs' claim, under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). The court found that it had jurisdiction over plaintiffs' takings claim which alleged that certain of the Brisenos' property interests had been taken. *Briseno*, 83 Fed. Cl. at 633 ("The Brisenos are within the class of plaintiffs that might benefit from the protection of the Fifth Amendment.") (citing *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008)).

The court noted, however, that the facts alleged by the parties were unlikely, when fully developed on summary judgment proceedings, to support a valid takings claim in this court, under controlling precedent of the United States Court of Appeals for the Federal Circuit. *Id.* at 634 (citing *Ridge Line, Inc. v. United States*, 346 F.3d 1346, 1355 (Fed. Cir. 2003)). The court, in particular, focused on the distinction between tort claims and takings claims, and cited to defendant's brief which suggested that the Brisenos were, in essence, attempting to assert a tort claim styled as a takings claim. *Id.* The court invited plaintiffs to amend their complaint, and suggested that the parties consider alternate fora for plaintiffs' claims. Plaintiffs amended their complaint on December 19, 2008, clearly stating in the amended complaint that their claims are grounded in the torts of negligence and trespass. Am. Compl. at 1, 3-4; Pls.' Mot. at 1. The amended complaint was filed as an attachment to plaintiffs' motion to transfer this case to a district court.

## DISCUSSION

Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2009), which states in relevant part that

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such

> action or appeal to any other such court in which the
> action or appeal could have been brought at the time it
> was filed or noticed, and the action or appeal shall
> proceed as if it had been filed in or noticed for the court
> to which it is transferred on the date upon which it was
> actually filed in or noticed for the court from which it is
> transferred.

*Id.* One compelling reason for transfer is when a statute of limitations would possibly bar a newly filed claim, that would otherwise, if transferred pursuant to section 1631, be considered to have been timely filed as of the date of its original filing in this court. *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005) (citation omitted). In this scenario, the court need only consider three questions: whether jurisdiction is lacking in this court over a plaintiff's claim, whether jurisdiction lies in the transferee court, and whether a statute of limitations might bar the same suit if it were dismissed here and had to be filed as a new claim in the district court. *See id.* at 1374-75 (noting "the statutory requirement that transfer be considered to cure jurisdictional defects" where exclusive jurisdiction lies in a district court, not this court, and "absent transfer, applicable statutes of limitations may bar . . . otherwise legitimate claims").

The parties assert that this court lacks jurisdiction over plaintiffs' claims for negligence and trespass. *See* Pls.' Mot. at 4 (stating that "Plaintiffs['] claims are for torts [and] jurisdiction in the Court of Federal Claims does not exist"); Def.'s Resp. at 6 ("The Court has jurisdictional grounds to dismiss Plaintiffs' amended complaint which alleges torts exclusively."). This court's jurisdiction does not extend to tort claims. 28 U.S.C. § 1491(a)(1). Plaintiffs' claims sound in tort and accordingly, this court has no jurisdiction over these claims.

Plaintiffs argue that their tort claims are within the jurisdiction of the United States District Court for the District of New Mexico, citing 28 U.S.C. § 1346(b) (2006). Pls.' Mot. at 4. Defendant does not admit that plaintiffs' tort claims are within the jurisdiction of the district court, but does "acknowledge[] that a federal district court would likely have jurisdiction over [a tort] claim that was properly pled and filed timely." Def.'s Mot. at 5. District courts have jurisdiction over many claims based on negligent or wrongful acts of employees of the United States. *See* 28 U.S.C. § 1346(b)(1) (stating that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for

money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *see also* 28 U.S.C. § 2680 (2006) (noting exceptions to that jurisdictional grant). The court finds that the United States District Court for the District of New Mexico likely has jurisdiction over the tort claims presented in this case.

Finally, plaintiffs have cited to a statute of limitations which, in their opinion, would likely bar a new case filed after the dismissal of plaintiffs' suit in this court, but which would not bar plaintiffs' claims as of the date of their original filing in this court. Pls.' Reply at 2 (citing 28 U.S.C. § 2401(b) (2006)). Plaintiffs have also cited to an additional statute, 28 U.S.C. § 2675(a) (2006), which, in their opinion, may indicate that a six month limitations period began to run when they commenced their action in this court. Pls.' Reply at 3. Defendant does not admit or deny that a statute of limitations will bar plaintiffs' claims in the district court if this court does not transfer them pursuant to section 1631. In light of the foregoing discussion, the court finds that plaintiffs' suit may indeed be barred by a relevant statute of limitations in the district court, if this court dismisses their claims and does not transfer them.

## CONCLUSION

This court lacks jurisdiction over plaintiffs' tort claims. The United States District Court for the District of New Mexico may exercise jurisdiction over plaintiffs' tort claims. A statute of limitations would likely bar plaintiffs' claims if this suit is not transferred pursuant to 28 U.S.C. § 1631. For these reasons, the court finds that it is in the interests of justice to transfer this suit to the United States District Court for the District of New Mexico.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiffs' Motion to Transfer, filed December 19, 2008, is **GRANTED**;

(2) The Clerk's office is directed to **TRANSFER** this suit to the United

      States District Court for the District of New Mexico; and

(3)    No costs.

                                       /s/ Lynn J. Bush
                                       LYNN J. BUSH
                                       Judge